SUSAN HARRISON

*v.*

JOHN E. HARRISON.

Where a wife, who has lived away from her husband for more than three years, files a bill against him for support and maintenance, upon the ground of his constructive abandonment of her, and his refusal and neglect to provide for her, the husband will be permitted, not only by answer, to deny the abandonment, but by cross-bill to ask for a divorce from his wife because of her desertion of him.

On motion to strike out answer by way of cross-bill.

*Mr. J. G. Shipman,* for the motion.

*Mr. George H. Large, contra.*

THE CHANCELLOR.

By her bill, the complainant seeks relief under the twentieth section of the Divorce act (*Rev. p. 318*), which provides, that in case a husband, without justifiable cause, shall abandon his wife, or separate himself from her, and refuse or neglect to maintain and provide for her, this court, by its order or decree, may require him to make suitable provision for her support and maintenance.

In answer to this bill, the defendant first denies the abandonment, separation, neglect and refusal charged, and then, by way of cross-bill, alleges that the complainant deserted him, and that her desertion has been willful, continued and obstinate for three

Harrison *v.* Harrison.

years, and prays that, because of it, he and the complainant may be divorced from the bond of matrimony.

The complainant, in pursuance of the practice permitted by the two hundred and twenty-fourth rule, now moves to strike out that part of the answer which is by way of cross-bill, because it introduces new matter, and seeks relief not necessary to the defence in the suit.

The complainant actually left the defendant, but the theory of the bill is, that she was compelled to leave him, not only because of his continued ill-treatment of her, but also because of his express command to her to go.

Upon final hearing in the case, the court will be called upon to determine, whether the complainant's departure was so induced by the defendant as to constitute it a constructive abandonment on the defendant's part, or whether it was the voluntary and unjustifiable act of the complainant.

. Under the answer alone, the defendant can adequately meet this issue, but he is not content to simply repel the complainant's attack ; it is his purpose to show, not only that her departure was unjustifiable, but it was desertion of him, willful, continued and obstinate, for three years, of such character as to entitle him, under the statute (*Rev. p. 315 § 3*), to a divorce from the

NOTE.—The defendant in a divorce suit need not be a resident of the State where the suit is brought, in order to file a cross-bill, *Jenness* v. *Jenness*, *24 Ind. 355; Sterl* v. *Sterl, 2 Bradw. (Ill.) 223.*

A cross-bill must state facts sufficient to entitle the defendant to affirmative relief, *Coulthurst* v. *Coulthurst, 58 Cal. 239.*

Where the defendant alleged abandonment, it must be shown to have continued the statutory time,· *Lee* v. *Lee, 1 Duv. 196.*

A cross-bill may, in a proper case, be amended, *Burr* v. *Burr, 2 Edw. Ch. 448.*

It cannot, ordinarily, be filed until after answer, *Allen* v. *Allen, 1 Hempst. 58;* but laches may not be fatal, *Glass* v. *Glass, 50 Mich. 293.*

A ground of relief or defence different from that alleged in the bill may be set up by cross-bill, *Ribet* v. *Ribet, 39 Ala. 348, 350; Conant* v. *Conant, 10 Cal. 249; Ryan* v. *Ryan, 9 Mo. 539; Hoffman* v. *Hoffman, 43 Mo. 547; Spahn* v. *Spahn, 12 Abb. N. C. 169; Doe* v. *Roe, 23 Hun 19; Van Benthuysen* v. *Van Benthuysen, 17 N. Y. 978;* see *Pease* v. *Pease, 72 Wis. 136.*

The petitioner ought to reply, *Leslie* v. *Leslie, 11 Abb. Pr. (N. S.) 311;* and may file any defence to the cross-bill, (*e. g.*) adultery of defendant committed after the commencement of the suit, *Armstrong* v. *Armstrong, 27 Ind. 186; Wil-*

bond of matrimony, and to have such divorce decreed in his favor, so that the complainant may be precluded from again attacking him.

His cross-bill does not introduce a new and distinct cause of action. It merely seeks a consideration of the separation drawn in question by the bill, to its full extent and in all its aspects, and the relief that, upon such consideration, he may appear to be entitled to under it.

The office of a cross-bill is to enable a defendant to obtain discovery from or relief against a defendant or co-defendant in the original bill, so that he may make a more complete and effectual defence than he could make by answer alone, or so that the court may do complete justice to all parties in respect to the matter put in litigation by the original bill. If new facts are introduced by it, they must be so closely connected with the cause of action set up in the original bill as to render the cross-suit a mere auxiliary of the original suit. It must not be the means of instituting a distinct suit in relation to other matters. *Kirkpatrick* v. *Corning, 12 Stew. Eq. 136 ; affirmed on appeal, 13 Stew. Eq. 243 ; Krueger* v. *Ferry, 14 Stew. Eq. 432 ; affirmed on appeal, 16 Stew. Eq. 295.*

son v. *Wilson, 40 Iowa 230;* but interrogatories cannot be annexed thereto, *Barr* v. *Barr, 31 Ind. 240.*

The defendant may proceed with and establish his case and obtain a divorce, although the complainant fails as to hers, and her bill be dismissed, *Schira* v. *Schira, L. R. (1 P. & D.) 466; Owen* v. *Owen, 54 Ga. 526; Musselman* v. *Musselman, 44 Ind. 106; Dewes* v. *Dewes, 55 Miss. 315; Ficke* v. *Ficke, 62 Mo. 355; J. W. B.* v. *F. D. B., 11 N Y Leg. Obs. 350; Anonymous, 17 Abb. Pr. 48; Campbell* v. *Campbell, 12 Hun 636; Dodd* v. *Dodd, 14 Oreg. 338;* although formerly a dismissal of the bill put the whole case out of court, *Stoner* v. *Stoner, 9 Ind. 505; R. F. H.* v. *S H., 40 Barb. 9; Terhune* v. *Terhune, 40 How. Pr. 258;* see *Butler* v. *Butler, 11 Stew. Eq. 626; Dawson* v. *Amey, 13 Stew. Eq. 494.*

The defendant may obtain a divorce, on a cross-bill, on the petitioner's evidence alone, *Glasscock* v. *Glasscock, 94 Ind. 163.*

As to the form and requisites of a decree for divorce where a cross-bill has been filed, see *Haley* v. *Haley, 44 Ark. 429; Cassidy* v. *Cassidy, 63 Cal. 352; Gullett* v. *Gullett, 25 Ind. 517; Pollock* v. *Pollock, 71 N. Y. 137.*

As to the effect of an appeal by one party, where the court below decreed a divorce to each, *Hoff* v. *Hoff, 48 Mich. 281;* see *Birkby* v. *Birkby, 15 Ill. 120.—* REP.

It would seem that, within this definition, the cross-bill in this case is proper, for, while it is true that the defendant can make a sufficient defence under his answer, his cross-bill puts it within the power of the court, through the same proofs, to do complete justice between the parties in the single suit, and thus preclude future litigation between them.

The English ecclesiastical courts exhibited a greater liberality in the allowance of cross-actions in matrimonial causes than is necessary to sustain this cross-bill, and when it is remembered that chancery borrowed its practice respecting cross-bills from those courts, and that, in this State, it has succeeded to jurisdiction over matrimonial causes, which was so long the concern of those courts, it would seem that a practice sanctioned by the ecclesiastical courts with reference to cross-actions in matrimonial causes, cannot be without weight in this consideration.

In the case of *Best* v. *Best, 1 Addams 411*, a wife sued for divorce, on the ground of cruelty, and the husband was allowed, in addition to a responsive answer denying the cruelty, to set up in the same suit the wife's adultery, and ask for a divorce because of it.

So, in a suit brought against a woman for jactitation of marriage, she was allowed to set up as a defence, that she was lawfully married to the plaintiff, and also to ask for restitution of conjugal rights. And where the wife sued for a restitution of conjugal rights, the husband was permitted to set up her adultery as a defence, and to ask for a divorce. *3 Burn's Eccl. L. (Phillim. ed.) 183.*

I am unable to find a precedent in this court which goes to the length of the practice in the ecclesiastical courts. But in the court of errors and appeals, in the case of *Osborn* v. *Osborn, 17 Stew. Eq. 257*, where a husband sued for divorce, on the ground of his wife's adultery, and she denied the adultery and, by way of cross-bill, alleged the husband's desertion of her, and asked for a divorce because of it, it was determined, that the relief prayed by the husband should be denied, and that the divorce asked by the wife should be granted.

It will be observed that, in *Osborn* v. *Osborn, supra,* the causes of action were entirely distinct, and presented issues which could not be determined by the same proofs.

I am satisfied that I should sustain the cross-bill in the case before me.

The motion will therefore be denied, with costs.